UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LUIS MICHAEL RUIZ,<br><br>    Defendant. | Case No. 1:22-cr-00219-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Pending before the Court are Defendant Ruiz's pro se filings seeking a reduction of sentence (Dkts. 43, 45), as well as a Stipulated Motion for Criminal History Reduction (Dkt. 47). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Crim. P. 78(b). For the reasons set forth below, the Court grants the requested relief.

### BACKGROUND

Defendant was sentenced on July 25, 2023, to a statutory mandatory minimum of 120 months' imprisonment following his conviction for possession with intent to distribute methamphetamine (Dkt. 39 at 2). The Presentence Investigation Report (PSR) determined Ruiz had a subtotal criminal history score of six (Dkt. 32 at ¶ 39). It further set forth that the instant offense occurred while Ruiz was under a criminal justice sentence and, pursuant to U.S.S.G. § 4A1.1(d) of the then-applicable sentencing guidelines, two points were added to the Defendant's

criminal history score (Dkt. 32 at ¶ 40). This resulted in a total criminal history score of eight, which established a criminal history category of IV. Defendant's total offense level of 33 and criminal history category of IV yielded a guideline range of 188 months to 235 months, as calculated in the final PSR (*id*. at ¶ 62). As noted previously, at sentencing the Court imposed the mandatory minimum sentence of 120 months (Dkt. 39 at 2).

On August 24, 2023, the Sentencing Commission decreed that Amendment 821 to the Sentencing Guidelines applies retroactively. If Amendment 821 had been applicable when the Court sentenced Defendant, he would not have received two additional criminal history points for a violation that occurred while under a criminal justice sentence. Without those two "status points," his criminal history score would have been six points, and Ruiz would have been designated Criminal History Category III.

On September 26, 2024, Defendant submitted a pro se letter to the Court (Dkt. 43). In that filing, Defendant referenced an unidentified retroactive law that he believed would lower his criminal history score. He explicitly stated that he was "not seeking to adjust" his sentence, acknowledging he had received a statutory mandatory minimum (*id*.). Instead, he asked the Court whether he needed to file something to have his criminal history score adjusted because he sought an opportunity to transfer to a lower security facility (Dkt. 43).

On November 15, 2024, Defendant filed a Supplemental Motion for Reduction of Sentence (Dkt. 45). In this filing, Defendant formally sought a reduction in his sentence based on Amendment 821, requesting that the Court "resentence" him at the appropriate criminal history category (III rather than IV).

On May 23, 2025, the Government filed an objection, conceding that Amendment 821 would reduce Defendant's criminal history category, but arguing that Defendant remains ineligible

for a sentence reduction because his 120-month sentence is fixed by the statutory mandatory minimum (Dkt. 46). Then, on October 29, 2025, and in response to questions from the Court concerning the resolution of matter, the Stipulated Motion for Criminal History Reduction was filed (Dkt. 47), explaining that the "parties agree [Defendant's] applicable guideline sentencing range has been reduced by application of the retroactive amendments"; the Court consequently has jurisdiction; and Defendant is entitled to the requested adjustment to his criminal history points calculation.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general rule of finality. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). Under § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Sentencing Commission subsequently lowered the defendant's sentencing range, a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and the court considers the § 3553(a) factors.

The analysis is twofold: (1) whether a retroactive amendment to the Guidelines lowered the applicable range; and (2) whether a reduction is consistent with the § 3553(a) factors and the Commission's policy statements. *See Dillon*, 560 U.S. at 826–27; U.S.S.G. § 1B1.10. Any reduction is limited to the low end of the amended guideline range absent a substantial assistance departure. U.S.S.G. § 1B1.10(b)(2). A court lacks authority to impose a sentence below the statutory minimum absent specific statutory authorization.

## ANALYSIS

Defendant moves for a reduction of sentence, but explains, "I am not seeking to adjust my sentence. I was given a mandatory minimum sentence. I am solely asking to be reclassified please" (Dkt. 43). He acknowledges the Court imposed the statutory mandatory minimum term of imprisonment and can go no lower (*id*). Later, he expressly asked the Court to "resentence [him] at the appropriate criminal history category" (Dkt. 45 at 3).

The Guidelines instruct that, when a court considers a sentence reduction based on a retroactive amendment, it must "substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced," and "all other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10(b)(1) (policy statement). Defendant's criminal history category was a "guideline provision" applied at his sentencing that would be affected by application of retroactive amendments and his request for relief is unopposed.

Accordingly, the Court finds that because of the retroactive amendment, Defendant's criminal history category is III, based on six criminal history points.

## ORDER

Defendant's Motions to Reduce Sentence (Dkts. 43 and 45) and the Stipulated Motion for Criminal History Reduction (Dkt. 47) are **GRANTED**.

DATED: December 31, 2025

Amanda K. Brailsford
U.S. District Court Judge